EVARISTO ROBLES, demandante-apelado, *v.* LÍNEA FÉRREA DEL OESTE, demandada-apelante. RODRÍGUEZ HEVIA & Co., S. EN C., demandante-apelada, *v.* LÍNEA FÉRREA DEL OESTE, demandada-apelante.

* Véase la opinión del Tribunal en la página 101.

Nos. 4891 y 4790.*

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

Un estudio cuidadoso de los hechos me convence de que la causa próxima de este accidente fué el haber dejado el conductor del camión de actuar como un hombre de ordinaria prudencia. No puedo, en primer lugar, estar de acuerdo con la corte inferior ni con la mayoría de este Tribunal en que el camión llegó primero al sitio del accidente. Desde un camión que viaje de Bayamón a Cataño tal vez un tren que venga de Bayamón no pueda ser visto fácilmente hasta poco antes de entrarse en el puente. En forma similar, el maquinista del tren no verá fácilmente un camión que se aproxime en la misma dirección general hasta que el tren esté cerca del puente. Desde el punto de vista del maquinista, antes de ocurrir el accidente nada había delante de su vista en ocasión alguna. El sitio era bien conocido, según declaró el conductor del camión, y podía esperarse un tren en cualquier momento. Aunque el camino era claramente uno público, le incumbía ese deber a un conductor, irrespectivamente de cualquier aviso de detenerse, mirar y prestar oído. La ley de cruces es aplicable. Aquí, el deber era más claro aún, toda vez que sólo podía haber un posible cruce de los vehículos poco después, y, por consiguiente, en el puente. El conductor tenía, si caminaba despacio, bastante tiempo para mirar y detenerse. Las fotografías admitidas en evidencia, vistas y reconocidas por el conductor del camión, revelan que el choque tuvo lugar a bastantes pies de distancia de la entrada del puente. Es un hecho resaltante del caso que si el conductor hubiese obedecido la señal del peón del camión, habría podido proseguir un poco y detenerse, y no habría ocurrido ningún accidente. Esto es especialmente cierto si el conductor del camión caminaba despacio, conforme declaró. Lo que real-

* Véase la opinión del Tribunal en la página 229.

mente ocurrió, a mi juicio, fué que el tren y el autocamión llegaron al sitio del suceso casi simultáneamente. Según demuestran las fotografías, y de acuerdo con la inferencia que de ellas debe hacerse, el tren llegó un poco antes que el camión. El tren estaba en su vía un poco al sur de la carretera y se dirigía hacia el este. Las fotografías y los hechos materiales demuestran que la locomotora y algunos de los vagones se salieron de los carriles, cruzaron la carretera hacia el norte y cayeron en un precipicio al lado septentrional, llevándose consigo probablemente el camión. Esto sólo pudo haber ocurrido si se hizo que la parte anterior de la locomotora se inclinara hacia el norte. Un golpe en la parte posterior de la locomotora hubiera traído ese resultado. Como la locomotora atravesó la carretera casi perpendicularmente, la inclinación dádale a su parte posterior debió haber sido pronunciada. El impacto fué fuerte, y sólo pudo haberlo producido el camión. Se admite que inmediatamente antes del accidente el camión desvió hacia el sur, quizá tratando de pararse. Esta desviación repentina, a mi juicio es inexplicable.

Según he indicado parcialmente, la negligencia de la demandada no fué demostrada por una preponderancia de prueba. En verdad, no puedo verla. Asumiendo tal negligencia, me es de todo punto imposible ver como la doctrina de actos realizados en emergencias es aplicable y destruye la doctrina de negligencia contribuyente. Asumiendo la negligencia de la demandada, el conductor del camión estaba en el deber ineludible de pararse. El tuvo amplia oportunidad de hacerlo. El desviarse hacia el sur fué un acto irrazonable e imprudente. La doctrina de actos realizados en emergencia no es aplicable a actuaciones imprudentes e irrazonables. Examinando algunos de los casos que aparecen en la nota de R.C.L. citada por ambas cortes, también es evidente que la emergencia, de haberla, fué creada por el demandante. Éste abandonó un sitio de seguridad donde pudo haberse detenido. Sólo hubo una emergencia en el sentido

de que en cualquier caso de negligencia contribuyente una emergencia puede serle aparente a un demandante. Si cruza rápidamente la vía frente a una locomotora y puede llegar a salvo al otro lado, ante los ojos de la ley no existe para él protección alguna si se desvía hacia la locomotora. Desde el punto de vista legal encuentro que este caso no es distinto. Estoy autorizado para decir que el Juez Asociado Sr. Aldrey concurre en este disentimiento.